IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MR. PATRICK MINOR, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00887-FB |
| vs. | § § § | |
| BYRON MILLER, | § § § | |
| *Defendant.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] and Proposed Complaint [#1-1], filed August 11, 2022. This case was automatically referred to the undersigned under this district's Standing Order on motions to proceed *in forma pauperis*. The undersigned therefore has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs associated with this case. Having considered the motion and documentation provided by Plaintiff, the undersigned recommends that the motion to proceed IFP be granted but that Plaintiff's proposed Complaint be dismissed pursuant to 28 U.S.C. §1915(e).

## I.  Analysis

**A.**    **Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is employed but only receives $500 per week in income.  Plaintiff indicates that he only has $100 in a checking or savings account and does not own any assets.  This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the undersigned will recommend that Plaintiff's motion to proceed IFP be granted.

**B.**    **Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S.

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

25, 32–33 (1992).  This court is "vested with especially broad discretion" in making the determination of whether an IFP proceeding is frivolous or fails to state a claim.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's proposed Complaint names a single Defendant, Byron Miller, and alleges a violation of the 14th Amendment pursuant to 42 U.S.C. § 1983.  (Compl. [#1-1].)  Plaintiff's form civil rights Complaint alleges that Defendant, a former judge, refused to allow Plaintiff to put on "Young James Brown's cape" during a performance by Tony Wilson at the Juneteenth Festival at Comanche Park in San Antonio, Texas, on June 18, 2022.  (*Id.* at 4.)  Plaintiff's identified injury is that Defendant denied him his "liberty to do what Tony Wilson asked [him] to do."  (*Id.* at 5.)  Plaintiff seeks punitive damages in the amount of $10,000.  (*Id.*)

The Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  In order to have a viable claim under Section 1983, a plaintiff must allege (1) a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  42 U.S.C. § 1983; *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  Plaintiff fails to allege either.

The only party named as a defendant in this case is a private actor who, according to Plaintiff's Complaint, formerly served in some capacity as a judge or justice of the peace.  In order to maintain his case and to justify service of process on Defendant, Plaintiff must allege that a state actor, someone acting under the authority of state law, violated his federal rights.  Because Defendant is a private citizen, Plaintiff fails to state a claim under Section 1983.  Moreover, if Defendant had been an active judge at the time of the incident in question and was presiding over the event in his judicial capacity, the claim would still be subject to dismissal

because Defendant would have judicial immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Additionally, Plaintiff fails to allege a violation of a right secured by the Constitution or United States. The Fourteenth Amendment protects against violations of the right to due process. The guarantee of due process has two components—(1) a guarantee of procedural protections when a state seeks to deprive an individual of protected liberty or property interest and (2) a substantive protection against conduct that "shocks the conscience." *Jordan v. Fisher*, 823 F.3d 805, 810 (5th Cir. 2016). Plaintiff has not identified a constitutionally protected liberty or property interest underlying his due process claim. Nor does the alleged conduct satisfy the high standard for conduct that shocks the conscience.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **GRANTED** but Plaintiff's Complaint [#1-1] be **DISMISSED** pursuant to Section 1915(e).

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party

filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of August, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE